IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN RAY BREEDLOVE, | ) | No. C 11-2379 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING MOTION TO TRANSFER VENUE; |
| v. | ) ) | FURTHER SCHEDULING |
| WARDEN RANDY GROUNDS, | ) ) | (Docket Nos. 5, 7) |
| Respondent. | ) ) | |

On June 24, 2011, the court issued an order to respondent to show cause why this petition for writ of habeas corpus should not be granted. Petitioner's motion for leave to proceed in forma pauperis is DENIED as moot. Respondent has filed a motion to transfer venue to the Central District of California. For the reasons set forth below, respondent's motion is DENIED.

Pursuant to a negotiated plea agreement, petitioner pleaded guilty to, and was convicted of, second degree murder. The trial court sentenced him to a term of 15 years to life. In August 2009, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole for the seventh time. In his federal petition, petitioner claims that the State breached the plea agreement by denying him parole, and by opposing parole.

Respondent moves to transfer this action to the Central District of California because it is the district of conviction. However, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). Whereas the district of conviction is the preferable

forum to review a conviction, see <u>Dannenberg v. Ingle</u>, 831 F. Supp. 767, 767 (N.D. Cal. 1993), the district of confinement is the preferable forum to review the execution of a sentence, <u>see</u> Habeas L. R. 2254-3(a); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

Contrary to respondent's assertion, petitioner does not challenge his fact of his conviction or sentence. He does not claim that his plea agreement is invalid. Rather, he claims that the Board's and prosecutor's actions amounted to a breach of his plea agreement. His challenge is one related to the execution of his sentence. Thus, the Northern District, the district of confinement, is the proper venue.

**CONCLUSION**

1.  Respondent's motion to transfer venue is DENIED.

2.  Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

4.  It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must

Order Denying Motion to Transfer Venue
P:\PRO-SE\SJ.Rmw\HC.11\Breedlove379dentrans.wpd   2

1  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

2  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3         This order terminates docket numbers 5 and 7.

4         IT IS SO ORDERED.

5  DATED:  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

*Ronald M. Whyte*

6                                    RONALD M. WHYTE
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN RAY BREEDLOVE,<br><br>          Plaintiff,<br><br>   v.<br><br>RANDY GROUNDS et al,<br><br>          Defendant. | Case Number: CV11-02379 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Calvin Ray Breedlove D-23756
Correctional Training Facility
FW-214
P.O. Box 689
Soledad, CA 93960-0689

Dated: October 25, 2011

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk