IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN RAY BREEDLOVE, | No. C 11-2379 RMW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; |
| v. | DENYING CERTIFICATE OF APPEALABILITY |
| WARDEN RANDY GROUNDS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2009 denial of parole suitability by the Board of Parole Hearings ("Board"). Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities. Petitioner has filed a traverse. For the reasons stated below, the court DENIES petitioner's petition for writ of habeas corpus.[1]

## BACKGROUND

In 1986, petitioner pleaded guilty to second degree murder, and was convicted in the Superior Court of the County of Fresno of second degree murder. The trial court sentenced

---

[1] Although respondent raises a statute of limitations argument, the court finds it would be more efficient to address the petition on the merits.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.11\Breedlove379denhc.wpd

petitioner to a term of fifteen years to life in state prison. In August 2009, the Board denied petitioner parole for the seventh time.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.11\Breedlove379denhc.wpd

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller–El, 537 U.S. at 340. The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.   Petitioner's claims

Petitioner claims that the State breached his plea agreement by: (1) holding petitioner in prison beyond 15-years and therefore, is holding him to a "degree higher than that agreed upon," and (2) opposing his suitability for parole at the Board hearing.

"[D]ue process rights conferred by the federal constitution allow [a defendant] to enforce the terms of [his] plea agreement." Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also Brown, 337 F.3d at 1159 (holding prosecutor's promise, that petitioner would be released on parole after serving half of minimum sentence discipline-free, was binding).

It is clearly established federal law that the interpretation of state court plea agreements, and all contractual obligations resulting therefrom, are generally matters of state law. See Buckley v. Terhune, 441 F.3d 688, 694-695 (9th Cir. 2006). "Plea agreements are contractual in nature and are measured by contract law standards." Brown, 337 F.3d at 1159 (internal quotation and citation omitted). California law requires that courts first look to the plain meaning of the agreement's language. See Buckley, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644). "Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed." Brown, 337 F.3d at 1160.

In determining whether habeas relief is warranted, a district court must consider whether

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.11\Breedlove379denhc.wpd

3

1  the state court's decision denying relief was "consistent with a proper application of state
2  contract law in interpreting the plea agreement" and, if not, must find "the decision was an
3  'unreasonable application of' clearly established federal law." Davis v. Woodford, 446 F.3d
4  957, 962 (9th Cir. 2006). Under California law, "[a] plea agreement violation claim depends
5  upon the actual terms of the agreement, not the subjective understanding of the defendant. . . ."
6  In re Honesto, 130 Cal. App. 4th 81, 92 (2005).

   Here, the Superior Court of the County of Fresno rejected petitioner's claim. (Dkt. No.
8  1-2 at 55-57.) The Superior Court acknowledged that the change of plea transcript demonstrated
9  that petitioner agreed to a term of 15 years to life, and there was no indication that petitioner was
10 promised that he would be released after serving 15 years, or that he would be released while
11 still "relatively young." (Id. at 56.) Further, the Superior Court found that petitioner had also
12 failed to demonstrate that the prosecutor ever promised that the State would not oppose parole.
13 (Id. at 56-57.)

14   A review of the change of plea transcript shows that petitioner understood that if he
15 pleaded guilty to second degree murder, the prosecution would strike the firearm enhancement,
16 and agree to a sentence of 15 years to life. (Dkt. No. 1-2 at 36-37.) When the trial court asked
17 petitioner if there were any other conditions to the plea besides the ones his attorney had already
18 stated on the record, petitioner stated that there were not. (Id. at 38.) The record also
19 demonstrates that the trial court informed petitioner that he would be sentenced to a term of 15
20 years to life, and that if parole was granted, it would likely be for the remainder of petitioner's
21 life. (Id. at 46) (emphasis added). There is no evidence that expectations about how parole
22 would be decided were part of the plea agreement. In sum, the transcript clearly reflects
23 petitioner's concession to an indeterminate sentence of 15 years to life. (Emphasis added.)

24   Further, as the state court noted, there is no documentary or otherwise reliable evidence
25 that the prosecutor promised to refrain from objecting at petitioner's Board hearings.
26 Petitioner's argument that his plea agreement was breached because it did not include a
27 statement that the prosecutor would oppose petitioner's suitability for parole is unavailing.
28

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.11\Breedlove379denhc.wpd

4

(Traverse at 6.)

Accordingly, petitioner has not demonstrated that he was promised release under the plea agreement. The possibility of parole does not mean a guarantee of parole; under state law (as it existed when he was sentenced and as it exists now), the inmate must be found suitable before his release date is set. Despite petitioner's argument that he received no benefit from his plea, he did receive a lesser sentence, in that a first degree murder conviction would have resulted in a life sentence with a minimum of 25 years instead of a minimum of 15 years. Petitioner has received the parole considerations to which he was entitled under his sentence. The state court's determination that petitioner's plea agreement was not breached was not contrary to, or an unreasonable application of clearly established federal law as determined by the Supreme Court, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d).

**CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus is DENIED. The clerk shall terminate all pending motions and close the file.

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.11\Breedlove379denhc.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CALVIN RAY BREEDLOVE,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV11-02379 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Calvin Ray Breedlove D-23756
Correctional Training Facility
BW-111L
P.O. Box 689
Soledad, CA 93960-0689

Dated: March 27, 2013

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk